UNITED STATES, RESPONDENT, *v.* GARDO HOUSE AND HISTORIAN OFFICE AND JAMES P. FREEZE AND ANOTHER, INTERVENORS, APPELLANTS.

[See *United States* v. *Church,* 5 Utah, 361; *Mormon Church* v. *United States,* 136 U. S. 1.]

RES JUDICATA.—MORMON CHURCH.—ESCHEATED PROPERTY.—In the suit brought by the United Statss to dissolve the Mormon Church and dispose of its property, the question as to whether or not the real estate mentioned in the pleadings were subject to forfeiture under the law of 1862 and the Edmonds–Tucker law was not involved or adjudicated.

APPEAL from a judgment of the district court of the third district, Hon. Charles S. Zane, judge. The opinion states the facts.

Same counsel as in case before.

SMITH, J.:

This proceeding is, in its general features, like the case of *U. S.* v. *Tithing Yard, ante,* 34 Pac. Rep. 55 (just decided), and is governed by the decision in that case, except for the difference in the state of facts. The property called the "Gardo House," being the E. ½ of lot 6, in block 75, plat A, of Salt Lake City survey, as shown by the findings of facts, was not acquired by the church until 1877, and the church had no interest in it on July 1, 1862. Hence, under the conclusion reached in the Tithing Yard case, the property just described as the "Gardo House" is subject to forfeiture, and the decree escheating it to the plaintiff should be affirmed. As to the property described in the complaint and findings as a part of the W. ½ of lot 6, block 75, plat A, in Salt Lake City, commencing at a point 10 rods west of the northeast corner of said lot 6, thence south 10 rods, thence west 7 rods, thence north 10 rods, thence east 7 rods to the place of beginning, and called the "Historian Office and Grounds," it appears that the property was acquired by the church in 1855, and was then substantially improved, and that the church was on July 1, 1862, and ever since has been, in the actual possession of this property. We hold that the church had a vested interest in this property at the time of the passage of the act of 1862, and that it was reserved to the church and not rendered subject to escheat, by the provisions of that act, as indicated in our opinion in the Tithing Yard case.

We deem it proper to add in this opinion the following, which was omitted from the opinion in the principal case: It was suggested, rather than urged, on the argument, that the right of the government to a forfeiture in all of these cases was already adjudicated in favor of the government

by the decision of the supreme court of the United States in the case of *Late Corporation of Church of Jesus Christ, etc.,* v. *U. S.,* 136 U. S. 1, 10 Sup. Ct. Rep. 792.    We cannot agree to this view.    That was an action commenced in this court under special powers conferred on this court by the act of March 3, 1887    It is not to be contended that this court had any jurisdiction in the premises, except that conferred by the act.    An examination of the act and the provisions of sections 17 and 26 will show that the jurisdiction of this court was limited to two subjects:    (1) To appoint a receiver for the property of the church corporation until it could be disposed of, and finally to dispose of it for lawful purposes of like nature with those for which it had been given to the church; (2) to set apart, and place in the hands of the trustees, the real estate of the church used for places of worship, parsonages, and burial grounds.    This, we think, was the full extent of the jurisdiction of this court in that case, and this seems to have been the view of both this court and the supreme court of the United States in deciding that case.    This being the case, of course the right of the government to escheat the property proceeded against in these actions was not, and could not have been, involved.

This view is fully supported by the opinion of the supreme court of the United States in the case referred to.    In the opinion (136 U. S. 64, 10 Sup. Ct. Rep. 810) the court says: "This suit is in some respects an auxiliary one, instituted for the purpose of taking possession of, and holding for final disposition, the property of the defunct corporation, in the hands of a receiver, and winding up its affairs.    To that extent, and to that extent only, the decree of the circuit court has gone.    In the proceedings which have been instituted in the district court of the Territory, it will be determined whether the real estate of the corporation which has been seized (excepting portions

exempted by the act) is or is not to be escheated or become forfeited to the United States." From the above citation it will be seen that the supreme court expressly hold that the matter of whether the property in controversy here is subject to escheat and forfeiture is still open for adjudication. This action is instituted by express authority of section 13 of the act of March 3, 1887. It is, and was intended to be, a proceeding wholly independent of the action in the supreme court provided for in sections 17 and 26 of that act. It results from the conclusions announced that the decree in this case should be affirmed so far as it declares a forfeiture of the Gardo House property, and in so far as it declares a forfeiture of the Historian Office property it should be reversed, and remanded to the district court, with directions to dismiss the action.

MINER, J., and BARTCH, J., concurred.

